**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAYEL JARRAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 5216 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to dismiss [23]. The Court dismisses Plaintiff Sayel Jarrar's complaint without prejudice. Case terminated. See Statement for further details.

## STATEMENT

Plaintiff Sayel Jarrar filed this suit on May 12, 2025 against the Secretary of the U.S. Department of Homeland Security ("DHS"), the Director of the U.S. Citizenship & Immigration Services ("USCIS"), and the Director of USCIS' Chicago Field Office (collectively, "Defendants"), alleging that they have unreasonably delayed adjudicating his Form I-485 Application to Register for Permanent Residence or Adjust Status ("I-485 application"). Jarrar is a citizen of Jordan who entered the U.S. on a B2 visa on June 21, 2019 and married a U.S. citizen on February 27, 2022. His U.S. citizen spouse subsequently filed a Form I-130 Petition for Alien Relative on behalf of Jarrar, which USCIS approved on September 6, 2023. Jarrar then filed his I-485 application on July 22, 2022, which remains pending. Jarrar alleges that the delay has caused him significant hardship, including uncertainty, employment limitations, and emotional distress, and therefore seeks to compel Defendants to adjudicate his I-485 application. Defendants move to dismiss Jarrar's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1).

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the

pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Here, Defendants make a facial challenge to the Court's jurisdiction and argue that the Immigration and Nationality Act ("INA")'s jurisdiction-stripping provision applies to this case. In particular, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion[,] other than the granting of relief under section 1158(a) [governing asylum applications]." 8 U.S.C. § 1252(a)(2)(B)(ii). The statute governing Jarrar's I-485 application falls within this jurisdiction-stripping provision, as it provides that Jarrar's status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he *may* prescribe." 8 U.S.C. § 1255(a) (emphasis added). And the Supreme Court "has 'repeatedly observed' that 'the word may clearly connotes discretion.'" *Biden v. Texas*, 597 U.S. 785, 787 (2022) (citation omitted).

Jarrar argues, however, that the delay in adjudicating an I-485 application is not a "decision or action" and therefore does not fall under § 1252(a)(2)(B)(ii). The Court disagrees. Although the Seventh Circuit has not directly addressed this issue, it recently analyzed a similar jurisdiction-stripping provision in *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024), *reh'g denied*, No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024). In *Soni*, the Seventh Circuit concluded that § 1182(a)(9)(B)(v), which bars review of "a decision or action by the Attorney General regarding a waiver," applied to USCIS' delay in processing Form I-601A applications. *Id.* at 1272–73. The Seventh Circuit wrote: "Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers." *Id.* Relying on this analysis, numerous courts in this district have concluded that § 1252(a)(2)(B)(ii) functions similarly and "strips the Court of the ability to review not just those ultimate decisions but any action leading to such decisions" and thus "insulates from judicial review the timeline under which that process unfolds." *Garcia v. USCIS*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024); *see also Ahir v. Noem*, No. 25-CV-00470, 2025 WL 2522642, at *3 (N.D. Ill. Sept. 2, 2025) ("The Court therefore lacks jurisdiction over Plaintiffs' claims that Defendants have unreasonably delayed processing their EAD applications."); *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220 (N.D. Ill. June 11, 2025) ("The Supreme Court and Seventh Circuit's expansive reading of § 1252(a)(2)(B)(i) and § 1182(a)(9)(B)(v) counsels the Court to read § 1252(a)(2)(B)(ii) as similarly expansive . . . This means that when USCIS completes the BFD Process falls under agency discretion . . . [and] 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review."); *Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) ("Because the decision to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)."). The Court finds the reasoning in these cases persuasive.

The Seventh Circuit's opinion in *Iddir v. I.N.S.*, 301 F.3d 492 (7th Cir. 2002), does not compel a different outcome, as Jarrar argues. In *Iddir*, the Immigration and Naturalization Service ("INS") denied the plaintiffs' applications for lottery visas after the statutory time limit for adjudicating their applications had expired. *Id.* at 493–95. The Seventh Circuit concluded

that § 1252(a)(2)(B)(ii)'s jurisdictional bar did not apply because "the decision to 'deny' the applications was *not discretionary*; once time had elapsed, the INS claims it could not issue the visas regardless of the merits of the petitions." *Id.* at 498 (emphasis added). That is not the case here, where Defendants' decision when and how to adjudicate Jarrar's I-485 application remains within their discretion. *See* 8 U.S.C. § 1255(a).

Jarrar's reliance on various district court cases holding that § 1252(a)(2)(B)(ii) does not preclude judicial review of the delay in adjudicating I-485 applications is equally unavailing. Although Jarrar argues that these cases "take the more rational position," Doc. 27 at 3, they are all non-binding and predate the Seventh Circuit's opinion in *Soni*. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131 (D. Ariz. 2008); *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816 (N.D. Tex. 2007); *Saleem v. Keisler*, 520 F. Supp. 2d 1048 (W.D. Wis. 2007). The Court is bound to follow Seventh Circuit law, and *Soni* controls this case.

Finally, the Court cannot agree with Jarrar that the Administrative Procedure Act ("APA") authorizes the Court to compel USCIS to adjudicate his I-485 application. Although he is correct that the APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), he fails to mention that the APA "does not apply where a relevant statute 'precludes judicial review' or where a plaintiff challenges a discretionary agency action." *Lobatos*, 2025 WL 1651220, at *3 (citation omitted). And, as discussed above, § 1252(a)(2)(B)(ii) "bars jurisdiction for discretionary actions, which are otherwise justiciable under the APA." *Id.* (citing *Nobles v. Noem*, No. 24 CV 9473, 2025 WL 860364, at *3 (N.D. Ill. Mar. 19, 2025)).

The Court therefore grants Defendants' motion to dismiss and dismisses Jarrar's claims without prejudice.

Dated: December 16, 2025 /s/Sara L. Ellis